KAREN P. HEWITT
United States Attorney
CHRISTOPHER P. TENORIO
Assistant U.S. Attorney
California State Bar No. 166022
880 Front Street, Suite 6293
San Diego, California 92101-8893
Telephone: (619) 557-7843
Christopher.Tenorio@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DIEGO RUBIO-GASTELUM,<br><br>Defendant. | Criminal Case No. 07CR3283-WQH<br><br>DATE: January 14, 2008<br>TIME: 2:00 p.m.<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:<br>1) COMPEL DISCOVERY; AND,<br>2) LEAVE TO FILE FURTHER MOTIONS<br><br>TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Christopher P. Tenorio, Assistant United States Attorney, and hereby files its response and opposition to Defendants' above-referenced motions. Said response is based upon the files and records of the case, together with the attached Statement of Facts and Memorandum of Points and Authorities.

//

//

//

I.

**STATEMENT OF FACTS**

On November 19, 2007, at approximately 3:30 a.m., Defendant Diego Rubio-Gastelum drove a white 1994 Nissan minivan to the Border Patrol Checkpoint near Pine Valley, California. At secondary inspection, Border Patrol agents saw bundles of money through a small hole in the passenger-side sliding cargo door. A total of $250,280.00 was removed from the vehicle. Defendant was placed under arrest.

At approximately 6:31 a.m., Senior Patrol Agent Hiram Cuevas advised Defendant of his Miranda rights in Spanish. Defendant stated that he understood his rights and agreed to answer question outside the presence of an attorney. The interview was videotaped.

Defendant stated he was hired by an unnamed person in Tijuana, Mexico to drive a vehicle to Phoenix, Arizona in exchange for $1,000. Defendant entered the United States on foot two days prior and picked up the Nissan near the border. A friend loaned him the Nissan. Defendant spent the night in San Diego. The following day, Defendant drove to Phoenix, where he delivered the van to an unidentified man, as instructed. The unidentified man told Defendant to wait in a movie theater while $10,000 would be hidden somewhere within the van. One and a half hours later, Defendant retrieved the van and began driving back to Tijuana. Defendant admitted knowing a large amount of money was within the van and that he did not intend to declare the money upon exiting the United States.

//

//

//

//

## II.

## POINTS AND AUTHORITIES

### A. THE GOVERNMENT WILL COMPLY WITH DISCOVERY OBLIGATIONS

Defendant Lopez moves to compel discovery. Except as described below, the Court should deny Defendant's discovery requests.

#### 1. Rule 16(a)(1)(A): Defendant's Statements

The Government has already disclosed all known written and statements of Defendant and the substance of oral statements made by Defendant in response to questions by government agents in this case. The Government will also provide a recorded videotaped statement of Defendant.

#### 2. Arrest Reports, Notes and Dispatch Tapes

The Government at this time objects to the full production of the officers' handwritten or rough notes of interviews with prospective witnesses, or the production of any dispatch tapes or notes taken while listening to any dispatch tapes.

The discovery of rough notes of an interviewing agent are only potentially discoverable under the Jencks Act or Rule 16, and may be preserved to permit the district court to potentially decide whether they become discoverable. United States v. Harris, 543 F.2d 1247, 1252-53 (9th Cir. 1976); but see United States v. Griffin, 659 F.2d 932, 940 (9th Cir. 1982) (holding that the Harris court "actually failed to reach the issue of whether Rule 16 requires the preservation and subsequent production of an agent's rough notes of an interview with [a] defendant."). Whether notes must be produced must be decided on a case-by-case basis after an examination of the relevant facts, but not where the substance of the notes have been preserved in a formal memorandum. United States v. Pisello, 877 F.2d 762, 768 (9th

Cir. 1976), cited in United States v. Williams, 291 F.3d 1180, 1191 (9th Cir. 2002).

Pre-trial production of rough notes of interviews with prospective witnesses is generally not required. See 8 U.S.C. § 3500. If rough notes do exist, they may become discoverable if they constitute "statements" within the meaning of the Jencks Act. Notes of investigators are "statements," only if they are (1) writings made by the witness are "signed or otherwise approved or adopted" by him, or (2) accounts which are "a substantially verbatim recital" of the witness's oral statements "recorded contemporaneously with the making of such oral statement." 18 U.S.C. § 3500(e); Griffin, 659 F.2d at 936.

If such notes constitute "statements," then they are discoverable after the testimony of the person from whom the statement was obtained, where that person "signed or otherwise approved" the statement (18 U.S.C. § 3500(e)(1)), or they are verbatim recitals of the interviewee's oral statements to the interviewing agent (18 U.S.C. § 3500(e)(2)). Id. at 937. The notes would not become discoverable after the testimony of the interviewing agent because the "statement" does not represent the agent's own words. Id. at 938. Notes of observations taken while on surveillance are also generally incomplete and not discoverable because they do not comprise a substantially verbatim narrative of the officer's assertions. United States v. Bobadilla-Lopez, 954 F.2d 519, 521-522 (9th Cir. 1992); United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980).

If such rough notes exist in this case of interviews with potential witnesses, they would also remain undiscoverable under Rule 16 unless they have been adopted verbatim by the interviewed witness

or are otherwise discoverable pursuant to Brady. See e.g., United States v. Friedman, 593 F.2d 109, 119 (9th Cir. 1979). A statement of a government witness is discoverable pursuant to Rule 16 only to the extent that its production is compelled by the Jencks Act. Id. at 120; United States v. Walk, 533 F.2d 417, 419 (9th Cir. 1975).

Further, although Rule 16(a)(1) allows for the discovery of a written or recorded statement made by the defendant, notes of an investigator which incorporate the statements of a witness, which in turn contain oral "statements" allegedly attributable to the defendant, are not discoverable except as permitted by the Jencks Act. Walk, 533 F.2d at 418. Further, Rule 16(a)(1)(A) does not require the discovery of a defendant's oral statements unless they are made in response to interrogation by a person the defendant knows to be a federal agent. United States v. Hoffman, 794 F.2d 1429, 1432 (9th Cir. 1986). Notes of voluntary oral statements by the defendant, therefore, are not discoverable. Id.

### 3. Rule 16, and Brady: For All Purposes, Including Sentencing

The Government is well aware of, and will fully perform, its duty under, Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). Accordingly, the Government will disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused, or which pertains to the credibility of the Government's case. As the Ninth Circuit Court of Appeals stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980):

> [T]he prosecution does not have a constitutional duty to

> disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

Id. at 774-75 (citations omitted). See also United States v. Sukumolachan, 610 F.2d 685, 687 (9th Cir. 1980) (the Government is not required to create non-existent exculpatory material); United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) (Brady does not create any pretrial discovery privileges not contained in the Federal Rules of Criminal Procedure).

The Government is unaware of any Brady material beyond that discussed above, and will produce such material if it becomes available. The Government is presently unaware of any criminal involvement by any prospective government witness, or that any prospective government witness is under investigation.

**4. Rule 16(a)(1)(A), (B) and (C) and Fed. R. Evid. 404(b): Prior Arrests, Convictions Or Bad Acts**

The Government has already provided the Defendant with arrest reports, judgment and conviction documents for prior offenses, and other evidence of prior bad acts pursuant to Rules 16(a)(1)(A), (B) and (C). The Government reserves the right to introduce such prior bad acts, and will address such evidence and its intentions in motions in limine to be filed separately according to the Court's scheduling orders.

**5. Rule 16(a)(1)(C): Documents and Tangible Evidence and Evidence Seized**

In accordance with obligations under Rule 16(a)(1)(C) and 16(c), the Government will permit the Defendant to inspect and copy or photograph all books, papers, documents, photographs, tangible

objects, buildings, or places, or portions thereof, which are within or may come within the possession, custody, or control of the Government, and which are material to the preparation of the Defendant's defense or are intended for use by the Government as evidence-in-chief at trial or were obtained from or belong to the Defendant.

**6. Expert Witness Notice Will Be Provided**

The Government will meet obligations pursuant to Fed. R. Crim. P. 16(a)(1)(E) to disclose information regarding expert witnesses. The Government will produce details regarding the nature of the expert's testimony, and the qualifications of the expert when a trial date is scheduled and any expert is obtained.

**7. Evidence of Bias, Motive to Lie, Impeachment or Criminal Investigations Regarding Government Witnesses.**

The Government is unaware of any evidence indicating that a prospective government witness is biased or prejudiced against Defendant. The Government is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony. The Government is aware of, and will comply with, its obligations regarding impeachment evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

**8. The Defendant Is Not Entitled to Witness Addresses**

The Government objects to Defendant's request for witness addresses. Defendant may obtain access to witnesses through the Government if the witnesses are not represented by counsel.

//

//

//

**9. The Government Is Unaware of Favorable Defense Witnesses**

The Government is unaware of any witness who made a favorable statement concerning the Defendant, or of any statement that may be favorable to Defendant's defense, which have not already been provided in discovery.

**10. The Government Will Comply With *Giglio***

The Government has not made any promises, express or implied, to any government witnesses in exchange for their testimony in this case. Therefore, the Government is currently unaware of any discoverable impeachment information pursuant to Giglio v. United States, 405 U.S. 150 (1972).

**11. Jencks Act**

Consistent with the Jencks Act, 18 U.S.C. § 3500, the Defendant is not entitled to disclosure of witness statements prior to the witness testifying on direct examination at trial. The Government must produce these statements only after the witness testifies on direct examination. United States v. Taylor, 802 F.2d 1108, 1118 (9th Cir. 1986); United States v. Mills, 641 F.2d 785, 790 (9th Cir.). Indeed, even material believed to be exculpatory and, therefore, subject to disclosure under the Brady doctrine, if contained in a witness statement subject to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under the Act. See United States v. Bernard, 623 F.2d 551, 556 (9th Cir. 1979).

The Government reserves the right to withhold the statements of any particular witnesses until after they testify. However, notwithstanding any statements the Government deems necessary to withhold, the Government will disclose witness statements prior to

trial in as timely a manner as practicable, provided defense counsel has complied with his obligations under Rules 12.1, 12.2, 16 and 26.2 of the Federal Rules of Criminal Procedure, and provided that defense counsel submitted all reciprocal discovery and "reverse Jencks" statements.

The Government will comply with its Rule 26.2 obligation to produce for the Defendant's examination statements of witnesses in the Government's possession after, or shortly before, such witnesses testify on direct examination. The Government objects to the Defendant's request that such statements be produced at this time. Similarly, if Rule 12(i) becomes relevant pursuant to suppression proceedings, the Government will comply with obligations to produce statements in accordance with Rule 26.1.

The Government objects to Defendant's request for handwritten I-213 forms to the extent, if any exist, the identical information has been provided in the typewritten versions provided.

**12. <u>Residual Request</u>**

The Government objects to Defendant's broad, unarticulated "residual" discovery request. The Government will otherwise comply with its continuing discovery obligations.

**13. <u>Preserve Evidence</u>**

The Government does not object to Defendant's motion to preserve evidence to the extent it covers evidence within the Government's possession and discoverable pursuant to Federal Rule of Criminal Procedure 16. The Government objects, however, to Defendant's blanket request to preserve unspecified evidence.

//

//

**B. LEAVE TO FILE FURTHER MOTIONS IS UNNECESSARY**

Defendant moves for leave to file further motions. Although the Government does not oppose in principle Defendant's request to file further motions, the Government would oppose the filing of any further substantive motions to be heard at a motions in limine hearing. If the defendant foresees the need to file further substantive motions, the Government respectfully requests that the defendant request, and the Court set, a separate date for an additional motion hearing, and that any motions in limine and trial not be set until the conclusion of such hearing.

**III.**

**CONCLUSION**

Based on the foregoing, the Court should deny Defendants' above-listed motions.

DATED: December 19, 2007

Respectfully

KAREN P. HEWITT
United States Attorney

s/Christopher P. Tenorio
CHRISTOPHER P. TENORIO
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. DIEGO RUBIO-GASTELUM, Defendant. | Criminal Case No. 07CR3283-WQH **CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that:

I, CHRISTOPHER P. TENORIO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS** on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

**J. KERRY BADER, ESQ.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 19, 2007

Respectfully submitted,

s/ Christopher P. Tenorio
CHRISTOPHER P. TENORIO
Assistant U.S. Attorney