KAREN P. HEWITT
United States Attorney
CHRISTOPHER P. TENORIO
Assistant U.S. Attorney
California State Bar No. 166022
880 Front Street, Suite 6293
San Diego, California 92101-8893
Telephone: (619) 557-7843
Christopher.Tenorio@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DIEGO RUBIO-GASTELUM,<br><br>Defendant. | Criminal Case No. 07CR3283-WQH<br><br>DATE: January 14, 2008<br>TIME: 2:00 p.m.<br><br>GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY<br><br>TOGETHER WITH MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Christopher P. Tenorio, Assistant United States Attorney, and hereby files its motion for reciprocal discovery. Said motion is based upon the files and records of the case, together with the attached Memorandum of Points and Authorities.

//

//

//

//

//

//

//

# I.

# INTRODUCTION

The Government incorporates by reference its Statement of Facts provided in its Response and Opposition to Defendant's Motions, filed under separate cover.

# II.

# GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY

## A. THE GOVERNMENT IS ENTITLED TO RULE 16(B) DISCOVERY

The Defendant has invoked Federal Rule of Criminal Procedure 16(a)(1), (C) and (D) in his motion for discovery and the Government has voluntarily complied with the requirements of those rules. Thus, pursuant to Rule 16(b), the Government is entitled to certain reciprocal discovery. Under Rule 16(b)(1)(A):

> If the defendant requests disclosure under subdivision (a)(1)(C) or (D) of this rule, upon compliance with such request by the Government, the defendant, on request of the government, shall permit the Government to inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence-in-chief at the trial.
>
> If the defendant requests disclosure under subdivision (a)(1)(C) or (D) of this rule, upon compliance with such request by the Government, the defendant, on request of the Government, shall permit the Government to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to his testimony.

Fed. R. Crim. P. 16(b)(1)(A).

The Government, pursuant to Rule 16(b), hereby requests the Defendant to permit the Government to inspect, copy, and photograph

any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of the Defendant and which he intends to introduce as evidence in his case-in-chief at trial.

The Government further requests permission to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of the Defendant, which he intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom the Defendant intends to call as a witness. The Government also requests that the court make such orders as it deems necessary under Rule 16(d)(1) and (2) to ensure that the Government receives the discovery to which it is entitled.

**B. <u>THE GOVERNMENT IS ENTITLED TO RULE 26.2 DISCOVERY</u>**

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except defendants. The rule requires reciprocal production of Jencks statements, stating in relevant part:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, shall order the attorney . . . to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter concerning which the witness has testified.

Fed. R. Crim. P. 26.2(a).

Consistent with the Jencks Act, Rule 26.2 requires witnesses' statements to be submitted after the witnesses have testified. Therefore, the Government hereby requests that Defendant be ordered to supply all prior statements of defense witnesses on or before a

date sufficiently prior to the trial to enable preparation for use at trial. The Court should order Defendant to produce all such statements regardless of their form, including but not limited to tape recordings, handwritten, and typed notes and reports.

**III.**

**CONCLUSION**

Based on the foregoing, the Court should grant the Government's motion for reciprocal discovery.

DATED: December 19, 2007

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/Christopher P. Tenorio
CHRISTOPHER P. TENORIO
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DIEGO RUBIO-GASTELUM,<br>Defendant. | ) | Criminal Case No. 07CR3283-WQH<br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that:

I, CHRISTOPHER P. TENORIO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY** on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

**J. Kerry Bader, Esq.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 19, 2007

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/Christopher P. Tenorio
CHRISTOPHER P. TENORIO
Assistant U.S. Attorney